ORIGINAL

*NORTHERN DISTRICT OF TEXAS*
*FILED*
*NOV - 1 2001*
*CLERK, U.S. DISTRICT COURT*
*By _____ Deputy*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: VOLUNTARY PURCHASING GROUPS, et al., | § § § § § | CIVIL ACTION NO. 3-96-CV-1929-H<br>CIVIL ACTION NO. 3-96-CV-1185-H<br>CIVIL ACTION NO. 3-96-CV-3057-H |
| Defendants. | | |

## PLAINTIFFS' EIGHTH AMENDED COMPLAINT

TO THE HONORABLE COURT:

COME NOW the Plaintiffs listed on Exhibit A and file their Eighth Amended Complaint, all the Plaintiffs, hereinafter referred to as the Norris Community Group, state:

I.

### PARTIES

I:A   The Norris Community Group are party Plaintiffs who are current and former residents of the Norris Community neighborhood in the northeast part of Commerce, Hunt County, Texas.

I:B   Those Norris Community Group Plaintiffs who are bringing this case as the personal representative of a deceased person, bring this case not only individually, but also pursuant to Section 71.004 of the Texas Civil Practices and Remedies Code for the wrongful death of the deceased on behalf of all statutory wrongful death beneficiaries, and pursuant to Section 71.021 of the Texas Civil Practices & Remedies Code for survival damages to and in favor of the deceased's estate, heirs, and legal representatives.

I:C   Defendant, Voluntary Purchasing Groups, Inc. ("VPG") is a Texas corporation supplying wholesale farm and garden supplies, having its principal place of business in Bonham, Fannin County, Texas. VPG is and was at all times material herein doing business in the State of Texas.

PLAINTIFFS' EIGHTH AMENDED COMPLAINT - Page 1

fj10190105.wpd

707

Service of process has already been obtained on VPG. VPG has settled all of the claims of Plaintiffs, except for the claims of Sandra Deathrage, Kristy Janes, Clayton Deathrage, Jack Deathrage, Adam Kinser, James Kinser, Bertha McCannon, Jeffrey McGee, Samuel Rubio, Teischa Reynolds, Steven Spears, and Markee Kinchlow.

I:D    Defendant, Universal Chemical Company ("Universal"), successor to Hi-Yield Chemical Company, is a Texas Corporation, and is now known as Defendant, Meridian Housing Company, and has its principle place of business in Bonham, Fannin County, Texas. Universal is and was at all times material herein doing business in the State of Texas. Service of process has already been obtained on Universal.

I:E    Defendant, Summit Furniture Industries, Inc. ("Summit Furniture"), formerly Wood Designs, Inc., is a Texas corporation, having its principle place of business in Rowlett, Dallas County, Texas. Summit Furniture is and was at all times material herein doing business in the State of Texas. Service of process has already been obtained on Summit Furniture.

I:F    Defendant, Furniture Crafters, Inc. ("Furniture Crafters") is a Texas corporation, having its principle place of business in Rowlett, Dallas County, Texas. Furniture Crafters is and was at all times material herein doing business in the State of Texas. Service of process has already been obtained on Furniture Crafters.

I:G    Individual Defendant Hershel Lee Cain, Jr. is President and Treasurer of Summit Furniture and Vice President, Secretary and Treasurer of Furniture Crafters. He is a resident of Dallas County. Service of process has already been obtained on Hershel Lee Cain, Jr.

I:H    Individual Defendant Betty Jane Cain is Vice President of Summit Furniture. She is a resident of Dallas County, Texas. Service of process has already been obtained on Betty Jane Cain.

PLAINTIFFS' EIGHTH AMENDED COMPLAINT - Page 2

fj10190105.wpd

I:I  Defendant, Sizemore Environmental Group, Inc. ("Sizemore") is a corporation organized and existing under the laws of the State of Delaware, but doing business in the State of Texas, with a registered agent for service. Sizemore is and was at all times material herein doing business in the State of Texas. Service of process has already been obtained on Sizemore. All of the claims against Sizemore have been resolved, except for William Harris, Grace Black Sims, Markee Kinchlow, Teisha Reynolds, Steven Spears and Michael Doyle Whitehead.

I:J  Defendant, EnClean Environmental Services Group, Inc. ("EnClean Environmental") is a foreign corporation organized and existing under the laws of the State of Delaware, but doing business in the State of Texas and maintaining a registered office in Texas. EnClean Environmental is and was at all times material herein doing business in the State of Texas. Service of process has already been obtained on EnClean Environmental. All of the claims against EnClean Environmental have been resolved, except for William Harris, Grace Black Sims, Markee Kinchlow, Teisha Reynolds, Steven Spears and Michael Doyle Whitehead.

I:K  Defendant, EnClean, Inc. ("EnClean") is a foreign corporation organized and existing under the laws of the State of Delaware, but doing business in the State of Texas and maintaining a registered agent for service in Texas. EnClean provides industrial and environmental cleaning services and is the parent of EnClean Environmental and Sizemore. EnClean is and was at all times material herein doing business in the State of Texas. Service of process has already been obtained on EnClean. All of the claims against EnClean have been resolved, except for William Harris, Grace Black Sims, Markee Kinchlow, Teisha Reynolds, Steven Spears and Michael Doyle Whitehead.

I:L  Defendant ASARCO is a foreign corporation, organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York, but doing

PLAINTIFFS' EIGHTH AMENDED COMPLAINT - Page 3

fj10190105.wpd

business in Texas. Service of process has already been obtained on ASARCO.

I:M    Defendant American Smelting and Refining Company ("American Smelting") is a company incorporated in the State of New Jersey which is authorized to do and does business in the State of Texas. American Smelting is and was at all times material herein doing business in the State of Texas. American Smelting was brought into this case by the EnClean Defendants' Third Party Petition and has appeared herein.

I:N    Defendant Michael D. Smith is an individual residing in Fannin County, Texas. Michael D. Smith has been brought into this litigation through the EnClean Defendants' Third Party Petition and has appeared herein.

I:O    Defendant H. Dean Smith is an individual residing in Dallas County, Texas. He has been brought into this litigation by the EnClean Defendants' Third Party Petition and has appeared herein.

II.

## JURISDICTION

II:A    Jurisdiction is proper. The damages sought by the Norris Community Group exceed this Court's minimum jurisdictional limits.

II:B    Federal court jurisdiction exists under 28 U.S.C. § 1334 because the claims were "related to" bankruptcy proceedings filed by VPG.

III.

## VENUE

III:A    Venue is proper in Dallas County State Court pursuant to Texas Civil Practice and Remedies Code §15.001 or §15.036.

III:B    Venue is appropriate under §15.001 in state court because the H. Dean Smith and Cain

PLAINTIFFS' EIGHTH AMENDED COMPLAINT - Page 4

fj10190105.wpd

Defendants are individual Defendants residing in Dallas County, Texas; and

III:C   Venue is appropriate in state court under §15.036 because Defendant Summit Furniture has its principal place of business in Dallas County, as well as a registered agent for service in Dallas County.  Venue also is appropriate in state court under §15.036 because Defendant Furniture Crafters has its principal place of business in Dallas County as well as a registered agent in Dallas County.

III:D   Venue is appropriate under 28 U.S.C. §157(b)(5) in this Federal District and Division, inasmuch as the pollution and claims arose in Hunt County, Texas.

IV.

## FACTS

IV:A   This lawsuit concerns the Norris Community Group's exposure to arsenic.

IV:B   In the 1950s, the Hi-Yield Chemical Company ("Hi-Yield") and later its successor, Universal, began manufacturing, packaging, blending and distributing monosodium acid, methane arsenate and arsenic-based pesticides, insecticides, herbicides, and cotton defoliants in Commerce, Texas, adjacent to the Norris Community neighborhood area, northeast of St. Louis Railroad, generally bordered by Sycamore Street on the south, Johnson Street on the east, and Ross Street on the north.  ASARCO and American Smelting knew H. Dean Smith and Hi-Yield lacked the capacity to safely handle arsenic, yet ASARCO and American Smelting continued to ship trainloads of arsenic to H. Dean Smith and Hi-Yield.  H. Dean Smith and Michael Dean Smith knew that the arsenic was released into the environment through ground, air, and water emissions but failed to prevent such emissions.  Without a corporate purpose and against the best interest of any corporate purpose, VPG and Universal employees, H. Dean Smith and Michael D. Smith, illegally allowed arsenic pollution to occur and to continue to occur despite State

PLAINTIFFS' EIGHTH AMENDED COMPLAINT - Page 5

fj10190105.wpd

demands to reduce or abate the pollution. The Smiths had a do not care attitude regarding pollution of the environment. Such knowingly polluting the environment was illegal. H. Dean Smith also misrepresented the extent of the contamination when they transferred the property to the Cains. Arsenic was delivered in leaking railcars owned and/or leased by ASARCO and/or American Smelting. The leaking railcars allowed the arsenic to escape and spill into the environment.

IV:C   The arsenic shipped by ASARCO and American Smelting was a waste product of ASARCO and American Smelting.

IV:D   H. Dean Smith, Michael D. Smith, ASARCO, American Smelting, and Universal knowingly permitted and failed to warn the Norris Community of wrongful loading and unloading practices, poor arsenic handling and blending practices, and knowing and illegal contamination of the environment.

IV:E   Careless arsenic delivery, storage, distribution and handling practices by the Defendants caused widespread airborne and ground surface arsenic contamination and pollution throughout the Norris Community. Such poisoning of the Norris Community and Sayle Creek was known and ignored by the Defendants. TNRCC investigations indicate that there are approximately 63 acres where arsenic was found in concentrations at or above 20 parts per million.

IV:F   The State of Texas has declared the former plant site and part of Sayle Creek as contaminated with enough arsenic to be hazardous to human health. Based on site-specific analytical data for total arsenic in soil, daily dose arsenic levels were calculated for adults and children in the Norris Community. These doses were found to exceed screening levels developed by the Agency for Toxic Substances and Disease Registry (ATSDR), the U.S. Environmental Protection Agency (EPA), the Texas Department of Health, and the TNRCC for carcinogenic and

PLAINTIFFS' EIGHTH AMENDED COMPLAINT - Page 6

fj10190105.wpd

non-carcinogenic effects.

IV:G   The EPA and TNRCC consider any arsenic exceeding 20 parts per million (PPM) as a threat to human health. Arsenic levels detected by the Texas Water Commission are as high as 1,900 PPM in Sayle Creek and the adjoining Norris Community. Arsenic levels up to 80 times the EPA and TNRCC limits have also been detected near the former Hi-Yield site. Arsenic is recognized as a carcinogen by the U.S. Department of Health and Human Services, and is deemed a hazardous substance pursuant to 40 C.F.R. 302. It is strongly associated with the development of lung, bladder and skin cancer. Human exposure to arsenic occurs through dermal absorption, inhalation, and ingestion. Arsenic poisoning's development is insidious and with the absorption of small quantities, may take years until the first signs of symptoms of chronic exposure materialize.

IV:H   As a result of arsenic contamination in Commerce, Voluntary Purchasing Groups, Inc. ("VPG") performed remediation activities in Commerce, Texas and is entitled to contribution under 42 U.S.C. § 9613(f)(1). VPG has assigned its right to contribution against ASARCO and American Smelting to the Plaintiffs. VPG's contribution claim is asserted in Civil Action No. 3-94-CV2477-H, and Plaintiffs hereby assert such rights against ASARCO and American Smelting, as if fully set forth herein.

IV:I   The activities of Defendants as well as the hazardous consequences these activities created in the Norris Community went undisclosed by Defendants. Only recently did the Norris Community become aware of the excessive levels of arsenic in the community and the dangerous consequences of arsenic exposure.

IV:J   The Norris Community Plaintiffs' causes of action are timely brought and all necessary notice provision have been satisfied.

PLAINTIFFS' EIGHTH AMENDED COMPLAINT - Page 7

fj10190105.wpd

V.

## CAUSES OF ACTION

V:A:1 **Negligence**: Each Defendant's negligence was a proximate cause of the Norris Community Plaintiffs' injuries and damages described in Section VI. Defendants' acts of negligence, among others, include:

V:A:2 H. Dean Smith negligently selected, operated, and maintained a dangerous chemical processing and storage facility in a residential community;

V:A:3 All Defendants negligently failed to conduct their activities so as to prevent unnecessary and unreasonable injury to the Plaintiffs and their property;

V:A:4 Defendants negligently failed to advise the community of the toxic hazards their activities posed to the community generally, and children in particular;

V:A:5 Defendants, through negligence, contaminated the air, water, and soil in the community;

V:A:6 Defendants negligently continued to maintain a toxic hazard in the midst of a residential community after being advised by governmental authorities of the hazard;

V:A:7 Defendants were negligent in failing to take adequate remedial clean-up measures at the Hi Yield site.

V:B:1 **Negligence-Per-Se**: The Defendants have violated Order No. 68-25 issued by the Texas Water Quality Board on August 9, 1968, which prohibited certain activities and was designed to protect the property and other adjoining property from further contamination, as well as various environmental Statutes of the United States and Texas, including but not limited to the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. §9601, et seq.; the Solid Waste Disposal Act (RCRA), 42 U.S.C. §6901, et seq.; the Federal Water Pollution Control Act (The Clean Water Act or CWA), 42 U.S.C. §1251 et seq.;

PLAINTIFFS' EIGHTH AMENDED COMPLAINT - Page 8

fj10190105.wpd

the Clean Air Act (CAA) 42 U.S.C. §1857; the Toxic Substances Control Act (TSCA), 15 U.S.C. §2601 et seq.; the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. §136-136y; the Texas Hazardous Substances Spill Prevention and Control Act, Texas Water Code §26.261 et seq.; the Texas Clean Air Act, Texas Health and Safety Code §382.001, et seq. (formerly Tex.Rev.Civ.Stat. Art. 4477-5); the Solid Waste Disposal Act, Texas Health and Safety Code §361 et seq. (formerly Tex.Civ.Stat. Art. 4477-7); the Texas Toxic Chemical Release Reporting Act, Texas Health and Safety Code §370 et seq. (formerly Tex.Rev.Civ.Stat. Art. 4477-7h); the Manufacturing Facility Community Right-to-Know Act, Texas Health and Safety Code §505 et seq.; and the Hazard Communication Act, Texas Health and Safety Code §502 et seq. (formerly Tex.Rev.Civ.Stat. Art. 5182b).

V:B:2  When, as here, statutes require the performance of an act, or prohibit the performance thereof, an unexcused violation of the statute constitutes negligence as a matter of law, since these laws were designed to protect the Norris Community and prevent the resulting hazardous pesticide contamination.  The Defendants' unexcused violation constitutes negligence per se. Such contamination is a proximate cause of the Norris Community Plaintiff's damages discussed in Section VI.

V:B:3  The Smiths knowingly, and without a corporate purpose, allowed pollution to occur unabated.  Their acts were illegal and outside the capacity and scope of any business purpose of VPG or its predecessors.

V:C   **Ultra Hazardous Activities--Abnormally Dangerous Activity**: The contamination and discharge of arsenic created an unacceptable risk of harm to the Norris Community Group. Having undertaken an ultrahazardous and abnormally dangerous activity, the Defendants are strictly liable for the injuries and damages caused by their activities, including:  manufacture,

PLAINTIFFS' EIGHTH AMENDED COMPLAINT - Page 9

fj10190105.wpd

handling, and storage of the poisons and knowing and illegal contaminations of the soil, water and air. The Defendants' ultrahazardous and abnormally dangerous activities are a proximate and producing cause of Norris Community Plaintiffs' damages outlined in Section VI.

V:D   **Assault and Battery**: As a direct and proximate result of the Defendants' intentional and reckless conduct, the Norris Community Group Plaintiffs have unwantedly been physically assaulted and battered by invasions of arsenic upon and in their bodies. Damages for assault and battery are more fully described in Section VI.

V:E   **Fraud/Fraudulent Concealment**: Defendants failed to warn the Norris Community Group of the dangers of the arsenic discharges. Defendants' failures to disclose amounted to fraud, were made knowingly and with reckless disregard to the Norris Community Group's health and well being, and have caused the Norris Community Group's damages discussed in paragraph VI.

V:F   **Nuisance**:   Defendants created and continue to maintain a toxic nuisance within the Norris Community that is the proximate cause of the Norris Community Plaintiffs' damages described more fully in IV.

V:G   **Trespass**:   As an intentional result of the Defendants' wrongful conduct, the Defendants have caused to be set in motion unauthorized physical arsenic invasions upon land owned and leased by the Norris Community Group Plaintiffs, thereby interfering with the Norris Community Group's exclusive right of possession of their land and leaseholds. Damages for such interference are more fully described in § IV.

PLAINTIFFS' EIGHTH AMENDED COMPLAINT - Page 10

fj10190105.wpd

VI.

## DAMAGES

VI:A  As a direct and proximate result of the Defendants' discharge, pollution, contamination, and pesticide poisoning in the Norris Community, Plaintiffs have suffered past and continuing damages for which Defendants are liable. Such injuries are permanent in nature. The past and continuing damages include, among others:

VI:B  **Medical Monitoring Damages**: Plaintiffs were significantly exposed to arsenic through negligent and wrongful actions of the Defendants. As a proximate result of the exposure, the Norris Community Group Plaintiffs suffer a significantly increased risk of serious latent diseases. The increased risk makes early and periodic diagnostic medical examinations reasonably necessary. Monitoring and testing procedures exist which make the early detection and treatment of latent diseases possible and beneficial. Plaintiffs are entitled to lifetime medical monitoring and testing so that serious diseases that may arise as a result of arsenic exposure will be discovered and treated as early as possible, so that the likelihood of advancing disease or death is minimized.

VI:C  **Increased Risk of Future Injury, Illness, or Disease**: As a direct and proximate result of the Defendants' wrongful conduct, the Norris Community Groups' arsenic exposure more probably than not will lead to future injuries, illnesses, and disease. Defendants are liable for damages resulting from the Norris Community Group's increased risk of injury, illness or disease as a result of excessive exposure to arsenic.

VI:D  **Fear of Future Injury and/or Death**: The Norris Community Group Plaintiffs currently suffer and in all reasonable probability will continue to suffer from serious fears and emotional distress because of the prospect of future serious disease. These fears are reasonable and were

PLAINTIFFS' EIGHTH AMENDED COMPLAINT - Page 11

fj10190105.wpd

proximately caused by the Defendants' wrongful conduct in handling arsenic, a known carcinogen.

VI:E  **Medical Expenses**: As a direct and proximate result of the Defendants' wrongful conduct, the Norris Community Group Plaintiffs have incurred past and in all reasonable probability will continue to incur future medical expenses. Such expenses were and will be reasonably necessary.

VI:F  **Emotional Distress**: As a direct and proximate result of the Defendants' wrongful conduct the Norris Community Group Plaintiffs have and continue to suffer emotionally and psychologically as a result of the contamination of arsenic within the their community, homes and recreational areas.

VI:G  **Disfigurement**: One consequence of arsenic exposure, such as the Norris Community Group Plaintiffs have suffered, is disfigurement. This is particularly true for those members of the Norris Community Group who have developed skin cancer, a known consequence of arsenic exposure. Once disfigurement occurs, in all reasonable probability it will continue in the future.

VI:H  **Pain and Suffering**: Those members of the Norris Community Group who have or may develop arsenic-related disease, have or in all reasonable probability will experience physical pain and suffering.

VI:I  **Wrongful Death Damages**: As a direct and proximate result of their deceased's wrongful death, statutory beneficiaries have lost contributions that would have continued in reasonable probability, but for the death of decedent: financial support, care, comfort, advice, counsel, and household services. Beneficiaries seek necessary funeral and burial expenses and injuries to the familial relationship, including loss of society, affection, comfort, love, assistance and companionship and resulting mental anguish, loss of inheritance and exemplary damages for

PLAINTIFFS' EIGHTH AMENDED COMPLAINT - Page 12

fj10190105.wpd

the Defendants' gross negligence and malice.

VI:J    **Survival Damages**: Surviving Norris Community Group Plaintiffs seek those damages their deceased could have sought had they survived, including deceased's conscious physical pain, suffering, mental anguish and exemplary damages.

VI:K    **Loss of Services/Consortium**: As a direct and proximate result of the wrongful conduct of the Defendants, the Plaintiffs of the Norris Community have lost the services of their family members. In all reasonable probability, this loss will continue long into the future, if not for the balance of their lives.

VI:L    **Loss Wages and Diminished Earning Capacity**: As a direct and proximate result of the Defendant's wrongful conduct, the Norris Community Group Plaintiffs' capacity to earn a livelihood was and is totally destroyed or severely impaired; in all reasonable probability such loss will continue long into the future, if not for the balance of the Plaintiffs' natural lives.

VI:M    **Property Damage**:    As a direct and proximate result of Defendants' course of conduct, the Norris Community Group's property and leaseholds have decreased in value and are worthless. The Norris Community Group has also suffered real property stigma damages including housecleaning services as a result of the excessive toxic contamination.

VI:N    **CERCLA Costs**:    ASARCO and American Smelting's contribution to VPG set forth in Civil Action No. 3-94-CV2477-H (now assigned to Plaintiffs) for response cost incurred by VPG at the Commerce site.

VI:O    **Exemplary Damages**:    The wrongs done by the Defendants are of such a character as to make them guilty of gross negligence--aggravated by that kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. The Defendants' actions involved an entire want of care resulting from actual conscious indifference to the rights, safety,

PLAINTIFFS' EIGHTH AMENDED COMPLAINT - Page 13

fj10190105.wpd

or welfare of the Norris Community Group Plaintiffs. Such conduct was intentional, willful, wanton, and without justification or excuse. Such gross indifference to the rights of the Norris Community Group Plaintiffs necessitates the imposition of exemplary damages in an amount far in excess of the minimum jurisdictional limits of this Honorable Court. This is necessary to prevent similar disregard to the rights and welfare of others in the future.

VI:P   **Further Relief**: The Norris Community Group seek all other and further relief to which they may show themselves justly entitled, including attorney fees, costs of Court, and pre- and post-judgment interest.

VII.

## JURY DEMAND

VII:A  The Norris Community Group Plaintiffs request that a jury be convened, when applicable, to try the factual issues in this causes, and the Court determine the scope of CERCLA responsibility, including the determination of joint and several liability, and each liable party's fairly allocated share of costs incurred and to be incurred.

WHEREFORE, PREMISES CONSIDERED, the Norris Community Group Plaintiffs respectfully pray that upon trial of this cause, this Honorable Court enter judgment for Plaintiff against Defendants for the damages and relief requested herein.

Respectfully submitted,

LAW OFFICES OF WINDLE TURLEY, P.C.

_____
Windle Turley
State Bar No. 20304000

R. Christopher Cowan
State Bar No. 00787294
6440 North Central Expressway
1000 University Tower
Dallas, Texas 75206
214/691-4025
214/361-5802 (Tele-Fax)

ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been mailed or delivered to all known counsel of record on November 1, 2001.

_____
R. Christopher Cowan